UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**COMP360, LLC,**

    **Plaintiff,**

v.                                    **Case No.: 8:22-cv-447-KKM-60AAS**

**KT ENTERPRISES, LLC, KEVIN TABAN; and EDDIE BRYANT,**

    **Defendants.**
_____/

## ORDER

Plaintiff Comp360, LLC moves to conduct jurisdictional discovery related to whether Defendant Eddie Bryant is subject to personal jurisdiction in Florida.[1] (Doc. 14). Defendants KT Enterprises, LLC (KT Enterprises), Kevin Taban, and Mr. Bryant (collectively, the defendants) oppose the motion. (Doc. 18).

**I. BACKGROUND**

Comp360 filed a complaint in the Circuit Court of the Tenth Judicial

---

[1] Although Comp360's motion includes a Local Rule 3.01(g) certification, it is unclear whether Comp360 fully complied with the Rule. *See* Local Rule 3.01(g)(1), M.D. Fla. ("Before filing a motion in a civil action, . . ., the movant must confer with the opposing counsel in a good faith effort of resolve the motion."). This pre-filing requirement contemplates a substantive discussion, not a one-way communication, such as an email without further discussion. According to defense counsel's declaration, a substantive discussion did not occur. (*See* Doc. 19). Although Comp360's motion could be denied on that basis alone, the court will consider the merits of the motion.

1

Circuit, in and for Polk County, Florida, against the defendants for alleged tortious interference and unfair competition. (Doc. 2-1). The defendants removed the action to this court. (Doc. 2).

The defendants moved to dismiss or transfer this action, arguing Florida lacks personal jurisdiction over Mr. Bryant. (Doc. 9). Comp360 then moved to conduct jurisdictional discovery and to amend its complaint. (Docs. 13, 15). The defendants withdrew their motion to dismiss and re-filed their motion to transfer as to KT Enterprises and Mr. Taban. (Docs. 16, 17). Comp360 filed an amended complaint. (Doc. 21). The defendants have not yet responded but the time to do so has not expired.

## II.   ANALYSIS

This court "ha[s] the power to order the discovery of facts necessary to determine [personal] jurisdiction." *Aviation One of Fla., Inc. v. Airborne Ins. Consultants (PTY), Ltd.*, 722 F. App;x 870, 878 (11th Cir. 2018) (citing *Eaton v. Dorchester Dev., Inc.*, 692 F.2d 727, 729 (11th Cir. 1982)). In the Eleventh Circuit, the plaintiffs have "a qualified right to conduct jurisdictional discovery," *Posner v. Essex Ins. Co.*, 178 F.3d 1209, 1214, n. 7 (11th Cir. 1999), if there is a dispute about the "facts that would support [the plaintiff's] allegations of jurisdiction," *Majd-Pour v. Georgiana Cmty. Hosp., Inc.*, 724 F.2d 901, 903 (11th Cir. 1984). However, a plaintiff must appropriately and

diligently seek such discovery, *see United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1280-81 (11th Cir. 2009); *Aviation One*, 722 F. App'x at 878, and the plaintiff must "specify what [he thinks] could or should be discovered." *Posner*, 178 F.3d at 1214 n.7.

The court considers Comp360's request for jurisdictional discovery while remembering that the plaintiff bears the initial burden of alleging a prima facie case of jurisdiction, *United Techs.*, 556 F.3d at 1274, and bears the burden of producing evidence proving jurisdiction when the defendants have posed a factual challenge to personal jurisdiction, *Louis Vuitton Malletier, S.A. v. Mosseri*, 736 F.3d 1339, 1350 (11th Cir. 2013). Comp360 failed to identify what it intends to discover, or the parameters for such discovery. Rather, Comp360 states only that it requests "to conduct discovery related to the issue of whether [Mr.] Bryant is subject to the personal jurisdiction of this Court." (Doc. 14, p. 2). Thus, Comp360 has not met its burden. *See Bolduc v. Great Lakes Ins. SE*, No. 6:18-CV-1266-ORL-41GJK, 2019 WL 13054798, at *15 (M.D. Fla. Sept. 26, 2019) (denying the plaintiff's request for jurisdictional discovery when plaintiff "failed to identify what he thinks could be discovered"); *Instabook Corp. v. Instantpublisher.com*, 469 F. Supp. 2d 1120, 1127 (M.D. Fla. 2006) (denying the plaintiff's request for jurisdictional discovery when plaintiff "only generally requested such discovery, without explaining how such discovery would bolster

its contentions").

## III. CONCLUSION

Accordingly, Comp360's motion to conduct jurisdictional discovery (Doc. 14) is **DENIED without prejudice**.

**ORDERED** in Tampa, Florida on April 7, 2022.

AMANDA ARNOLD SANSONE
United States Magistrate Judge